IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01704-PAB-MJW

RONALD E. FIELDS,

Plaintiff,

v.

WALGREENS COMPANY,
    a/k/a WALGREENS CO.,

Defendant.

---

## MINUTE ORDER

---

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that the Pro Se Plaintiff's Motion Alleging the Tampering and Spoliation of Evidence by Defendant and Defendant's Counsel (docket no. 36) is **DENIED** for the reasons stated below.

It is **FURTHER ORDERED** that on or before March 13, 2009, the Pro Se Plaintiff Fields shall pay the cost for the court reporter/videographer in the amount of $418.55 for their services rendered on January 27, 2009.

It is **FURTHER ORDERED** that on or before March 13, 2009, the Pro Se Plaintiff Fields shall pay $600.00 in attorney fees to Defendant Walgreens for one hour of attorney time at $300.00 per hour for the deposition on January 27, 2009, and one hour of attorney time for having to respond to the subject motion (docket no. 36).

This court had previously ordered that the Pro Se Plaintiff's deposition take place at the Alfred A. Arraj U.S. District Courthouse under the supervision of Magistrate Judge Watanabe due to previous disputes and disagreements between the Pro Se Plaintiff Fields ("Mr. Fields") and Defendant's counsel, David Stacy. *See* docket no. 24.

On January 13, 2009, the deposition of Mr. Fields began at the Alfred A. Arraj U.S. District Courthouse. During this deposition, Magistrate Judge Watanabe made numerous appearances on the record to resolve disputes between the parties on questions being asked and exhibits being used during the deposition. Mr. Fields' deposition was unable to be completed on January 13, 2009, and his deposition was continued to January 27, 2009.

On January 27, 2009, the continued deposition of Mr. Fields began at the Alfred A. Arraj U.S. District Courthouse. During this continued deposition, a dispute arose concerning some exhibits that Defendant's attorney, Mr. Stacy, was using to depose Mr. Fields. Mr. Fields then accused Mr. Stacy of tampering with such exhibits. *See* selected portions of the transcripts of this continued deposition attached to Defendant's response (docket no. 39-2). Instead of Mr. Fields seeking Magistrate Judge Watanabe's assistance in resolving this dispute during his deposition as was previously done during the first day of Mr. Fields' deposition on January 13, 2009, Mr. Fields *sua sponte* terminated the continued deposition. Magistrate Judge Watanabe was ready, willing, and able to address any disputes between the parties during this continued deposition.

The transcript of this continued deposition of Mr. Fields on January 27, 2009, states, *in pertinent* part, the following:

| | |
|---|---|
| The Deponent: | You have it as an exhibit, and you shouldn't use it here. I am going to halt this deposition. I'm filing a motion, tampering with evidence, submitted under Rule 26. I'm here to get – I called the Colorado Bar, but I need your lawyer number, and I would like that before I go, and I need his — Jerry's address and full name, and I'm going to give your clients until the end of the week to submit answers to my interrogatories. I have several motions I could serve you, a motion to compel now, but I will wait when I serve you this tampering with evidence under – submitted under Rule 26. And that's about the size of it. You submitted tampered- with evidence at a federal deposition. |
| Mr. Stacy: | Okay, What tampering– |
| The Deponent: | Hold on. I have no more to say. You can talk to the bar about it or you can talk to the judge about it. You can answer my motion. That's what you can do. You don't have to talk to me about it. That's all I came here to say. |
| Mr. Stacy: | What is the basis for your– |
| The Deponent: | All you have to do is answer the motion, and you're going to get the motion. Jerry, I would need your address and your name before I leave. |
| Mr. Stacy: | Mr. Fields, I'm asking you, what is the basis for the claim that I tampered with evidence? Mr. Fields, I want you to be aware that these motions are frivolous, and we will be asking for our attorney's fees, for the costs of the people that are |

|  |  |
|---|---|
|  | here to take your deposition. |
| The Deponent: | We will see. |
| Mr. Stacy: | I take it that you are refusing to answer questions in your deposition, and you are leaving, is that correct?  Mr. Fields? |
| The Deponent: | Jerry, may I get your address? |
| The Videographer: | Counsel, may we go off the record? |
| Mr. Stacy: | No. |
| The Deponent: | Just write your address and name down.  Your phone number. Thank you very much.  I need your attorney number, Mr. Stacy. |
| Mr. Stacy: | Well, it's a matter of public record, Mr. Fields.  It's 8054. |
| The Deponent: | 8054. |
| Mr. Stacy: | Mr. Fields, am I correct that you're refusing to answer questions, and you are leaving the deposition?  Is that correct, sir? |
| The Deponent: | I made my statement, Mr. Stacy. |
| Mr. Stacy: | The record will reflect that Mr. Fields is leaving the deposition room and walking out– |
| The Deponent: | You all have a good day. |

*See* docket no. 39-3.

Here, the court finds that Mr. Fields has failed to demonstrate any tampering of exhibits by Mr. Stacy or spoliation of any exhibits by Mr. Stacy.  Moreover, Mr. Fields has violated this court's order to have his deposition taken and completed at the Alfred A. Arraj U.S. District Courthouse by walking out of his continued deposition on January 27, 2009.  Mr. Fields should have sought the assistance of Magistrate Judge Watanabe when this dispute arose over the alleged tampered exhibits.  Instead, Mr. Fields, *sua sponte*, terminated his deposition without seeking intervention by Magistrate Judge Watanabe as was previously done during the initial deposition on January 13, 2009.  Mr. Fields was on notice by Magistrate Judge Watanabe that he would be available to address any disputes during his deposition.  As a direct result of Mr. Fields' actions which caused the termination of his deposition, unnecessary expenses were

incurred by Defendant Walgreens, and Mr. Fields should be responsible for such expenses.

Date: February 20, 2009