IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01704-PAB-MJW

RONALD E. FIELDS,

Plaintiff,

v.

WALGREENS COMPANY,
    a/k/a WALGREENS CO.,

Defendant.

---

**ORDER REGARDING
THE PRO SE PLAINTIFF'S MOTION REQUESTING MAGISTRATE JUDGE
RECUSE/DISQUALIFY (DOCKET NO. 43)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Pro Se Plaintiff's Motion Requesting Magistrate Judge Recuse/Disqualify (docket no. 43). The court has reviewed the subject motion (docket no. 43) and the response (docket no. 51) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Tenth Circuit has explained that "disqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." In re

McCarthey, 368 F.3d 1266, 1269 (10th Cir. 2004). A judge must recuse himself "if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality." United States v. Pearson, 203 F.3d 1243, 1277 (10th Cir. 2000). A judge should not, however, be disqualified for faithfully performing the duties of his office. Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge. *See* Estate of Bishop v. Equinox Int'l Corp., 256 F.3d 1050, 1058 (10th Cir. 2001). Section 455 is not intended to give litigants "veto power over judges or to be used as a judge shopping device." Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995).

The fact that Pro Se Plaintiff disagrees with some earlier rulings and condemns them for failing to correct those rulings is not grounds for recusal. "[A]dverse rulings cannot in themselves form the appropriate grounds for disqualification." Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997) (quotation omitted).

This court has not entered any *ex parte* orders as suggested by the Pro Se Plaintiff in the subject motion (docket no. 43). *See* record of court proceedings (i.e., the docket ). Moreover, this court has entered orders consistent with applicable statutory and case law and consistent with the Federal Rules of Civil Procedure as well as the United States District Court for the District of Colorado Local Rules of Practice that govern this case. The Pro Se Plaintiff's argument that he was not granted a hearing on some of his motions is without merit and without legal authority. Nowhere in the Federal Rules of Civil Procedure or the Local Rules of Practice of this court does it say that a litigant is entitled to a hearing before the court on every motion he/she files. In fact, D.C.COLO.LCivR 7.1 C. states, *in pertinent part*, "**. . . Nothing in this rule precludes a**

**judicial officer from ruling on a motion at any time after it is filed,"** and D.C.COLO.LCivR 7.1 G. states, *in pertinent part*, **" A motion may be decided on the papers unless oral argument, at the court's discretion, is ordered."** If the Pro Se Plaintiff was dissatisfied with any Orders entered by Magistrate Judge Watanabe on any motions, then the Pro Se Plaintiff should have filed his objections to any of Magistrate Judge Watanabe's Orders consistent with Fed. R. Civ. P. 72 and consistent with the Local Rules of Practice.

Here, the Pro Se Plaintiff's claims of bias and prejudice on the part of Magistrate Judge Watanabe are without factual or legal support. Accordingly, the subject motion should be denied.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Pro Se Plaintiff's Motion Requesting Magistrate Judge Recuse/Disqualify (docket no. 43) is **DENIED**.

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 13th day of March 2009.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE