IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01704-PAB-MJW

RONALD E. FIELDS,

    Plaintiff,

v.

WALGREENS COMPANY, also known as Walgreens Co.,

    Defendant.
_____

**ORDER**
_____

    This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 90] concerning defendant's motion for partial summary judgment [Docket No. 79]. On October 30, 2009, plaintiff filed timely objections [Docket No. 91] to the Recommendation. Defendant has filed a response [Docket No. 94] to the objections.

    As a threshold matter, the proper standard for reviewing the recommendation is in some doubt. While plaintiff's objection was timely, "a party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for de novo review by the district court . . . ." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (emphasis added). Plaintiff's objections simply reiterate his general claims that he has evidence in support of his claim without citing to any actual

evidence or otherwise specifically disputing the recommendations. However, I need not decide whether these objections are sufficient to preserve *de novo* review. Even under that standard, defendant is entitled to partial summary judgment.

Plaintiff brings claims for unlawful employment discrimination on the basis of his race. Defendant moved for partial summary judgment on plaintiff's claim of constructive discharge, arguing that plaintiff cannot make the necessary showing that defendant "'has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign.'" *Sandoval v. City of Boulder, Colo.*, 388 F.3d 1312, 1325 (10th Cir. 2004) (quoting *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 534 (10th Cir. 1998)). By plaintiff's own admission, he did not resign because of objectively intolerable working conditions, but rather because he did not like the schedule he had been assigned. *See* Def.'s Mot. for Partial Summ. J. [Docket No. 79] at Ex. 1 (excerpts from plaintiff's deposition). Having conducted the requisite *de novo* review, I agree with the magistrate judge's thorough and well-reasoned recommendation that plaintiff's constructive discharge claim fails as a matter of law.

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 90] is ACCEPTED. It is further

**ORDERED** that defendant's motion for partial summary judgment [Docket No. 79] is GRANTED. It is further

**ORDERED** that judgment shall enter in favor of defendant and against plaintiff on plaintiff's claim for constructive discharge.

DATED March 2, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge