IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01704-PAB-MJW

RONALD E. FIELDS,

    Plaintiff,

v.

WALGREENS COMPANY, also known as Walgreens Co.,

    Defendant.

_____

**ORDER OF DISMISSAL**
_____

On June 3, 2010, the Court ordered plaintiff, who is pro se, to show cause by 12:00 p.m. on June 4, 2010 why this case should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and why he should not be held in contempt of Court [Docket Nos. 124, 125]. Plaintiff filed his response to the order to show cause [Docket No. 126], to which defendant has replied [Docket No. 129].

**I. BACKGROUND**

Plaintiff filed this case on August 12, 2008. An eight-day trial is scheduled to begin Monday, June 7, 2010. The Court held a trial preparation conference on May 14, 2010. Pursuant to the Court's Practice Standards, proposed voir dire questions and jury instructions were due two business days before the trial preparation conference. *See* Practice Standards (Civil Cases), Judge Philip A. Brimmer §§ IV.E.3.a., IV.E.4.a. As of the May 14, 2010 trial preparation conference, plaintiff had not filed either his voir

dire questions or his proposed jury instructions. During the trial preparation conference, the Court extended the deadlines and ordered plaintiff to file his proposed voir dire questions by 5:00 p.m. on May 19, 2010 and his proposed jury instructions by 5:00 p.m. on May 20, 2010. The Court also ordered plaintiff to file his witness list by 5:00 p.m. on May 19, 2010 and his exhibit list by May 24, 2010. Plaintiff acknowledged and agreed to each of these deadlines. Plaintiff, nevertheless, failed to file his witness list, exhibit list, and jury instructions on the respective deadlines. On May 25, 2010, the Court's judicial assistant left plaintiff a message reminding him that these filings were past due.

On May 26, 2010, the Court scheduled a hearing on pending motions for June 3, 2010. One of the pending motions was defendant's Consolidated Motion in Limine [Docket No. 122], which raised important issues about the scope of the evidence at trial.

At the June 3 hearing, the Court asked plaintiff why he had failed to comply with the May 14, 2010 orders of the Court. Plaintiff informed the Court that he had not yet prepared a witness list, an exhibit list, and jury instructions. He offered no reason for his failure to comply with the Court's orders regarding them. The Court supplied plaintiff with a copy of Federal Rule of Civil Procedure 41(b). Plaintiff declined the Court's directive to review Rule 41 and, instead, stated his objection to the hearing. The Court then ordered plaintiff to show cause by 12:00 p.m. on June 4, 2010 why this case should not be dismissed with prejudice pursuant to Rule 41(b) for failure to prosecute and for failure to obey orders of the Court. Plaintiff confirmed that he understood that failure to show cause by such time would result in dismissal of the case with prejudice.

The Court then instructed plaintiff to take his seat so that the hearing could

proceed on the remaining issues in the case. Plaintiff did not do so, but rather informed the Court that he was leaving the hearing to go back to work. The Court ordered plaintiff to show cause by 12:00 p.m. on June 4, 2010 why he should not be found in contempt of court for leaving the hearing before its conclusion. Before leaving the courtroom, plaintiff acknowledged the Court's order that he must show cause both why the case should not be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and why he should not be found in contempt of court. After the Court convened the hearing, plaintiff remained in the courtroom for no more than ten minutes. At no time before or during the hearing did he ask to reschedule it. Following the hearing, the Court issued a written order to show cause [Docket No. 125] reflecting the orders issued to plaintiff in open court. Plaintiff filed a timely response to the order to show cause on June 4, 2010 [Docket No. 126].

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Moreover, a Local Rule of this Court grants the Court the authority to "issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge . . . may enter an order of dismissal with or without prejudice." D.C.COLO.LCivR 41.1. The Tenth Circuit "interprets Fed. R. Civ. P. 41(b) as impliedly bestowing the district court with the

authority directly conferred by" Local Rule 41.1.  *Yates v. Arkin*, 242 F. App'x 478, 482 (10th Cir. 2007) (unpublished) (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)); *see Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007)*.*

The Court considers the following criteria in determining whether a dismissal pursuant to Rule 41(b) is warranted: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Olsen*, 333 F.3d at 1204 (citations and quotation marks omitted); *see Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *see also Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (noting that, while "*Ehrenhaus* involved sanctions for discovery violations," the same criteria is applied to Rule 41(b) dismissals and that the "factors do not create a rigid test but are simply criteria for the court to consider").  All of the relevant factors support dismissal of plaintiff's action with prejudice, "outweigh[ing] the judicial system's strong predisposition to resolve cases on their merits."  *Ehrenhaus*, 965 F.2d at 921.  Simply put, this is one of those rare cases where a plaintiff's "willful misconduct," *id.* at 920, warrants dismissal.

In regard to the actual prejudice to the defendant, plaintiff's failure to abide by the Court's orders has created a situation where, on the eve of an eight-day jury trial, plaintiff failed to file proposed jury instructions, a witness list, and an exhibit list, and failed to exchange exhibits with the defendant.  Despite clear orders of the Court, the

4

inquiry during the June 3 hearing, and the subsequent opportunity to show cause, plaintiff has yet to file the required documents or to acknowledge his obligation to supply defendant with the materials.  Defendant has been forced to expend resources in preparing for a lengthy trial while plaintiff has failed to follow pretrial requirements and Court orders designed to ensure the fairness of such trial.

Plaintiff's failure to comply with the Court's orders and to prosecute his case has also significantly interfered with the judicial process.  The Court set a hearing for June 3, 2010 to address numerous important trial issues.  As mentioned earlier, defendant's motion in limine raised issues which could significantly affect the length of the trial, such as the admissibility of acts occurring more than 300 days before plaintiff's charge of discrimination and the admissibility of previous litigation against defendant.  By walking out of the hearing before its completion, not only did plaintiff substantially interfere with both the Court's and defendant's ability to prepare for trial, but plaintiff clearly demonstrated his lack of respect for the authority of the Court.  Plaintiff's conduct "flouted the Court's authority."  *hrenhaus*, 965 F.2d at 921 (citing this as a consideration in addressing the second factor).  Under such circumstances, it would be impossible to conduct a fair and orderly trial in this case.  The Court is not obligated to defer to plaintiff's preferences regarding if and when he will comply with orders and whether and to what extent he will choose to participate in hearings.[1]  The Court has

---

[1]Plaintiff stated an objection to the June 3, 2010 hearing due to a lack of sufficient notice.  Plaintiff's response to the order to show cause, construed liberally, can also be read to restate that objection.  As indicated above, the Court scheduled the June 3, 2010 hearing on May 26, 2010.  Plaintiff contends, however, that he only received two days notice.  He does not explain what prevented him from making a request to reschedule the hearing or to appear telephonically.  Nor does he explain the

given plaintiff every opportunity to meet his obligations and to prosecute his case. Plaintiff, however, has disregarded the judicial process and its orderly functioning without justification. *See id.* at 921 ("As Judge Sparr noted in his order dismissing the case, 'If this debtor can ignore court orders here without suffering the consequences, then [the district c]ourt cannot administer orderly justice, and the result would be chaos.'") (alteration in original).

Plaintiff did submit *ex parte* a copy of his witness list to the Court on June 4, 2010. That submission, rather than demonstrating a recognition of his obligations to comply with the Court's orders, further evidences his disregard of Court orders. First, he filed his witness list *ex parte* on the last business day before trial, thus apparently attempting to deny defendant the benefit of it. Second, plaintiff lists – for a trial scheduled for eight days – ninety four witnesses.[2] For only six witnesses does he identify which day he intends to call them, claiming that the date and length of examination for the remaining witnesses is "unknown." This course of action prejudices defendant and interferes with the judicial process.

Plaintiff's culpability is clear. At the May 14 hearing, plaintiff indicated that he had tried several cases as a pro se litigant. Thus, the lack of familiarity with court procedures is not an excuse, particularly given the Court's direction at the May 14 hearing that plaintiff needed to be familiar with the rules and the Court's Practice

---

relevance the date and time of the June 3 hearing has to his continued refusal to comply with the Court's orders.

[2] In the list submitted today, plaintiff has, without explanation, added counsel for defendant as a potential witness.

Standards. Upon being given the opportunity to explain his failure to abide by the Court's May 14 orders, plaintiff offered no explanation. In his response to the order to show cause, plaintiff contends that he did not know that the deadlines set by the Court at the May 14, 2010 hearing were mandatory, believing that he did not need to submit materials that had been disclosed to defendant during discovery. First, he did not offer that as an explanation during the June 3 hearing. Second, the colloquy between the Court and plaintiff at the May 14 hearing directly contradicts such claim. The Court ordered the plaintiff "to file" his witness list, exhibit list, and jury instructions. Furthermore, plaintiff's post hoc explanation does not account for his continued failure to file his proposed jury instructions and exhibit list.

Plaintiff continues to raise a claim that defendant has tampered with evidence in this case, *see* Docket No. 126 at 2, which, along with his insistence on submitting his witness list *ex parte,* reveals a motive for ignoring the Court's orders. Plaintiff's claim of evidence tampering was squarely rejected by the magistrate judge in an order which also granted defendant its costs and fees for litigating plaintiff's claim. *See* Docket No. 41. Any objection plaintiff has to that ruling is not license to ignore Court orders or to fail to give defendant notice of the witnesses he intends to call or the exhibits he intends to introduce at trial.

The Court interprets plaintiff's statements and conduct at the June 3 hearing, and subsequent failure to show cause, as an indication that, rather than failing to understand the mandatory nature of the Court's orders, plaintiff does not believe he is bound by Court orders or rules applicable to civil litigation. Plaintiff's disregard of Court

7

orders and the judicial process predates the events of the last few weeks.  On February 20, 2009, the assigned magistrate judge found that plaintiff "violated this court's order to have his deposition taken and completed at the Alfred A. Arraj U.S. District Courthouse by walking out of his continued deposition on January 27, 2009." Docket No. 41 at 3; *see id.* at 1 (awarding defendant the costs of the court reporter/videographer who attended the deposition and attorney fees for the time spent at the deposition and responding to plaintiff's motion at Docket No. 36).[3]  Plaintiff's termination of his deposition not only violated the magistrate judge's order, it evidenced a disregard for the Court's time and resources as well as for orderly judicial process.[4]

Furthermore, plaintiff was provided notice at the June 3 hearing of the likely consequence of his failure to comply with the Court's orders and was given the opportunity to show cause why this case should not be dismissed with prejudice.  *See Ehrenhaus*, 965 F.2d at 921 (noting that the plaintiff was "on notice that failure to comply with the court's order would subject [his] claims to dismissal when [the Court] invited defense counsel to file a motion to dismiss if [plaintiff] failed to attend the

---

[3]*Cf. Rogers*, 502 F.3d at 1152 ("First, there was prejudice to Andrus, which had prepared for trial and wished to conclude the proceedings.  Having to prepare for trial on multiple occasions can be a considerable burden, wasting time and resources; Andrus also has a legitimate interest in bringing the matter to closure within a reasonable time. Likewise, Mr. Rogers's failure to prepare had unnecessarily interfered with court business, requiring other matters to be delayed and creating inefficiencies in the court's use of its own time. The culpability of Mr. Rogers is also clear. As we discussed in affirming the denial of a continuance, he could have prepared for trial despite being incarcerated; at the least, he could have advised the court of his incarceration so that the court could prepare its schedule properly.").

[4]The magistrate judge made himself available on January 27, 2010, having already done so once before, to resolve disputes and objections during plaintiff's deposition.  *See* Docket No. 41 at 1.

8

ordered continuation of his deposition").

Under the specific circumstances of this case, the Court finds that any lesser sanction than dismissal with prejudice will be inefficacious. *See Rogers*, 502 F.3d at 1152 ("[W]ith respect to the 'efficacy of lesser sanctions,' no appropriate lesser sanction occurs to us, and Mr. Rogers has never suggested any.") (citation omitted). In regard to dismissal without prejudice, the Court notes that defendant has had to litigate this case to the eve of trial and should not be forced to do so again without any indication by plaintiff that he intends to comply with Court orders or the rules. Moreover, the Court will not continue the trial to a later date, and thus further interfere with the judicial process, in light of plaintiff's unwillingness to abide by Court orders.

Plaintiff's conduct gives the Court no confidence that he would comply with the Court's orders *during* a trial. *See Yates*, 242 F. App'x at 483 ("Mr. Yates did not show good cause – or really any legally cognizable cause at all – why he failed to appear at the motions hearing, refused to acknowledge the magistrate judge's jurisdiction, and consistently disregarded the court's orders."). Plaintiff, as a pro se litigant, cannot distance himself from responsibility for such conduct. This is not a case where a pro se plaintiff will lose his right to proceed with his case due to a procedural misstep or lack of sufficient notice. *See Ehrenhaus*, 965 F.2d at 920 n.3 ("Particularly in cases in which a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation."). "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." *Ehrenhaus*, 965 F.2d at 918.

The Court so concludes here.

As a final note, plaintiff has also failed to show cause why the Court should not find him in contempt. Plaintiff's conduct has already resulted in the Court's dismissal of his action with prejudice, which is a severe remedy. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1162 (10th Cir. 2007); *Ehrenhaus*, 965 F.2d at 920. Although that remedy does not fully account for plaintiff's walking out of the June 3, 2010 hearing, the Court exercises its discretion and declines to cite plaintiff for contempt.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that this case is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to obey orders of the Court. It is further

**ORDERED** that judgment shall enter in favor of defendant and against plaintiff. Defendant may have its costs by filing a bill of costs pursuant to Local Rule 54.1. It is further

**ORDERED** that the trial set to begin on Monday, June 7, 2010 is vacated.

DATED June 4, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge